**NOT FOR PUBLICATION**

FILED

APR 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN HERMILO GARCIA-JUAN, | No. 19-71677 |
| Petitioner, | Agency No. A077-086-803 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2020[**]
Pasadena, California

Before: RAWLINSON, N.R. SMITH, and LIPEZ,[***] Circuit Judges.

Petitioner Juan Hermilo Garcia-Juan (Garcia-Juan) petitions for review of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kermit Victor Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of his application for withholding of removal and relief under the Convention Against Torture (CAT).

Garcia-Juan's assertion that the immigration judge (IJ) denied withholding of removal based on a factual misrepresentation that he returned to Mexico "multiple times" is unavailing. Garcia-Juan testified that he returned to Mexico on more than one occasion—when he visited his parents in Oaxaca, Mexico, in 1991, and when he was removed from the United States in 1998. This testimony sufficiently supported the IJ's finding that Garcia-Juan "returned to Mexico multiple times since his initial entry and not suffered persecution."

Substantial evidence supports the BIA's denial of withholding of removal because Garcia-Juan failed to demonstrate "a clear probability" of persecution in Mexico based on his Zapotec indigenous background or status as a deportee from the United States. *Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020) (citation and internal quotation marks omitted). Although Garcia-Juan relied on expert testimony to demonstrate that the Zapotec indigenous group and deportees from the United States were subjected to discrimination, Garcia-Juan failed to establish the requisite individualized risk of persecution. *See Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010), *as amended* (explaining that "a

petitioner's membership in a disfavored group is not sufficient *by itself* to meet [his] ultimate burden of proof; *some* evidence of individualized risk is necessary for the petitioner to succeed") (citation and internal quotation marks omitted) (emphases in the original).

The BIA did not err in concluding that Garcia-Juan failed to demonstrate a pattern or practice of persecution against the Zapotec or deportees from the United States. The evidence did not compel the conclusion that discrimination against the Zapotec or deportees from the United States amounted to a pattern or practice of persecution warranting withholding of removal in this case. *See Wakkary v. Holder*, 558 F.3d 1049, 1061-62 (9th Cir. 2009) (holding that evidence of widespread discrimination against a particular ethnic group did not compel the conclusion that there was a pattern or practice of persecution).

Substantial evidence supports the BIA's denial of relief under the CAT because Garcia-Juan failed to demonstrate that any potential harm associated with economic discrimination or generalized crime would rise to the level of torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (stating that "the petitioner must demonstrate that he would be subject to a *particularized threat* of torture") (citation and internal quotation marks omitted) (emphasis in the original); *see also Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013) (concluding that

3

"economic deprivation" did not "rise to the level of torture"); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (determining that "generalized evidence of violence and crime in Mexico" that was "not particular to Petitioners" was "insufficient to meet" the standard for torture).

Garcia-Juan's due process challenges to his underlying removal order are barred by our prior dismissal of his petition for review of the BIA's denial of his motion to reopen proceedings *sua sponte*. *See Medina-Lara v. Holder*, 771 F.3d 1106, 1118 (9th Cir. 2014). The BIA previously rejected Garcia-Juan's due process claims, and we dismissed Garcia-Juan's petition for review for lack of jurisdiction, thus barring Garcia-Juan's renewed challenges to his removal order. *See id.* In any event, Garcia-Juan's contentions premised on *Pereira v. Sessions*, 138 S.Ct. 2105 (2018) are foreclosed by our precedent. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1161-62 (9th Cir. 2019).

Finally, Garcia-Juan failed to demonstrate that a change in the IJ who presided over the final portion of his hearing rendered the proceedings "so fundamentally unfair that [he] was prevented from reasonably presenting his case," or that he was prejudiced, "mean[ing] that the outcome of the proceeding may have been affected by the alleged violation." *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000) (citations omitted). The IJ thoroughly reviewed the record, and

substantial evidence supports the denial of Garcia-Juan's claims. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (explaining that "[s]ubstantial evidence review means that the BIA's determinations will be upheld if the decision is supported by reasonable, substantial, and probative evidence on the record considered as a whole") (citation and internal quotation marks omitted).

**PETITION DENIED.**